[Civ. No. 2182.   Fourth Appellate District.—February 9, 1939.]

LAGUNA BEACH COUNTY WATER DISTRICT (a Public Corporation), Appellant, v. COUNTY OF ORANGE (a Body Politic), Respondent.

Head, Wellington & Jacobs and M. B. Wellington for Appellant.

C. F. Culver, M. I. Church and Arvin B. Shaw, Jr., as *Amici Curiae*, on Behalf of Appellant.

W. F. Menton, District Attorney, and Preston Turner, Assistant District Attorney, for Respondent.

MARKS, J.—Plaintiff is a county water district organized under an act of the legislature. (Stats. 1913, p. 1049, as amended.) It owned land outside its boundaries and within the County of Orange. In 1936 the county assessor assessed this property for county taxation. Plaintiff paid the taxes under protest and brought this action to recover the money. A demurrer to the complaint was sustained without leave to amend and this appeal from the judgment followed.

The sole question involved here is whether or not the land in question is subject to taxation under the provisions of section 1, article XIII, of the Constitution as amended in 1914. The pertinent provisions of that section are as follows:

"All property in the state, except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. . . . and further provided, that property used for free public libraries and free museums, growing crops, property used exclusively for public schools, and such as may belong to the United States, this state, or to any county, city and county, or municipal corporation within this state shall be exempt from taxation, except such lands and the improvements thereon located outside of the county, city and county, or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city and county, or municipal corporation; . . . "

Plaintiff maintains that it is a state agency endowed by the state with certain necessary sovereign powers; that it holds its property in trust for the state and that such property is expressly exempted from taxation as it is in effect property belonging to the state. Defendant maintains that

plaintiff is a municipal corporation and that as such its land outside its boundaries is subject to taxation by the county. The precise question presented does not seem to have been decided in California.

It must be conceded that it has always been the policy of the law in California, since the adoption of the present Constitution, to exempt from taxation property of the state and state agencies generally classified as public corporations. It is also true that the property of municipalities, counties, and cities and counties, no matter where situated, were not taxed prior to the constitutional amendment of 1914, and that after the adoption of that amendment only certain properties outside of corporate boundaries could be taxed. This exemption from taxation of certain properties of districts recognized as state agencies was because of the express constitutional exclusion of the property of the state from taxation on the theory that these public agencies were holding property by virtue of a trust in favor of the state and that the properties held by them were in effect properties of the state within the meaning of the constitutional provision. (See *Turlock Irr. Dist.* v. *White,* 186 Cal. 183 [198 Pac. 1060, 17 A. L. R. 72]; *Reclamation Dist. No. 551* v. *County of Sacramento,* 134 Cal. 477 [66 Pac. 668]; *Argyle Dredging Co.* v. *Chambers,* 40 Cal. App. 332 [181 Pac. 84].)

It is apparent from what we have said that the decision of the question before us largely depends on the answer to the question—Is the plaintiff a municipal corporation? We can be assisted in answering this question by considering the status, powers, and functions of certain somewhat similar public agencies on the one hand and of municipal corporations on the other. We need not consider counties, and cities and counties, because it is admitted that plaintiff is neither a county, nor a city and county. Defendant virtually admits that unless it can be held that plaintiff is a municipal corporation its property in question here cannot be taxed by defendant and that the judgment must be reversed.

A municipal corporation is created under authority of the state whereby a portion of the state and the inhabitants therein are organized into a political entity that exercises legislative, executive and judicial powers. (Sec. 6, art. XI et seq., Const.) A city is organized to give its inhabitants

certain powers of self-government and is granted broad police powers. (Sec. 11, art. XI, Const.)

On the other hand we have in California a considerable number of governmental agencies exercising, to a limited extent, powers of government, vested in them by the various legislative enactments from which they draw their right of existence and power of operation. The governmental powers most common to the majority of them are the right of eminent domain and the right of taxation. Few of them possess legislative powers except in a very limited extent, and only *quasi*-judicial powers.

It is thoroughly settled that among such organizations, irrigation districts, drainage districts, utility districts, and other similar organizations, are not municipal corporations, but public agencies exercising governmental functions and that, under the theory that their properties are in effect properties of the state, they are not subject to taxation. (Sec. 85, 24 Cal. Jur. 102, and cases cited.) It must also be true that districts organized under special legislative enactments cannot be municipalities for their legality has long been recognized (*Argyle Dredging Co.* v. *Chambers, supra*) and the Constitution provides (art. XI, sec. 6) that "corporations for municipal purposes shall not be created by special laws . . . "

It is true that none of these districts are identical in manner of organization and powers possessed. Nor are they precisely similar to county water districts. However, the right of eminent domain and the right of taxation is common to many of them, including county water districts.

While our courts have not ruled on the precise question before us, there are several comments in cases which constitute expressions of judicial opinion on the nature of county water districts. The Supreme Court, in *Coachella-Valley Water Dist.* v. *Stevens*, 206 Cal. 400 [274 Pac. 538], described a county water district as a governmental agency exercising governmental powers. In *Morrison* v. *Smith Bros., Inc.*, 211 Cal. 36 [293 Pac. 53], it was said that a county water district was a public corporation that may be called a *quasi*-municipal corporation. In *Galt County Water Dist.* v. *Evans*, 10 Cal. App. (2d) 116 [51 Pac. (2d) 202], county water districts were defined as "public corporations inferior in power and scope to a municipal corporation". In *Sacra-*

*mento M. U. Dist.* v. *All Parties, etc.,* 6 Cal. (2d) 197 [57 Pac. (2d) 506], the Supreme Court said:

"County water districts are, by nature and organization, merely 'taxing districts', and therefore the legislature has plenary control over matters pertaining to their organization and change of boundaries. (*In re Bonds of Orosi Public Utility District,* 196 Cal. 43 [235 Pac. 1004].)"

Defendant cites and relies solely on *Morrison* v. *Smith Bros., Inc., supra,* as holding that a county water district is a municipal corporation.

We can find no such holding in the Morrison case. In the first place, no county water district was involved in that litigation and none was before the court. What appears in that decision concerning a county water district was said by way of argument and analogy. The Supreme Court did not hold that a county water district was a municipal corporation. In discussing the nature of such a district, and others, it quoted with approval from *In re Orosi Public Utility Dist.,* 196 Cal. 43 [235 Pac. 1004], as follows (at page 52):

" 'The purposes for which the Orosi District was formed, the appellant contends, are not municipal, and a district formed for such purposes does not possess the essential characteristics of a municipal corporation. If the authorities cited by him were strictly in point, there would be an end to the controversy, but they are not. They deal with questions arising in connection with districts formed for the purpose of draining, irrigating, reclaiming, or otherwise directly benefiting the lands affected thereby. (Citing cases.) When related to that class of districts, the cases cited are clearly in point. The improvements contemplated by the acts under which they were formed cannot be considered "municipal purposes" . . . One of the distinguishing features of such districts is that they are created for the purpose, generally, of some special local improvement, and may exercise only such power as may be conferred by the legislature in the line of the object of their creation. They are merely state organizations for state purposes, created to perform certain work which the policy of the state requires or permits to be done, and to which the state has given a certain degree of discretion in making the improvements contemplated. The other distinguishing feature is that the exactions which such districts may enforce in order to carry out their purposes are

in the nature of assessments or taxes for local benefits, to be spread on the property in the districts in proportion to the peculiar advantage accruing to each parcel from the improvement . . .

" 'Districts of the nature just discussed are not municipal corporations in the contemplation of the Constitution.' "

All that the Supreme Court held in the Morrison case was that a municipal utility district, when acting in a proprietary capacity, had the same liability for torts as a municipal corporation acting in like capacity.

█ Because it lacks the broad legislative, executive and judicial powers of a municipal corporation, it seems clear that a county water district is not a municipal corporation as that term is technically used in the laws of this state. It follows that unless the people in adopting the 1914 amendment to section 1, article XIII, of the Constitution intended to give it some other meaning, a county water district cannot come within the provisions of that section which permits the taxation of property of a municipality lying outside of its corporate limits. The Supreme Court had occasion to consider the definition of the term "municipal corporation" as used in the 1914 amendment to the Constitution in *Turlock Irr. Dist.* v. *White, supra,* where it was said:

"It is apparent that the term 'municipal corporation' was thus presented to the people as synonymous with such corporations as Los Angeles and San Francisco, that is to say, as municipal corporations in the strict technical sense."

The court then proceeded to consider the effect of the amendment on irrigation, swamp land, drainage, levee and reclamation districts, and said:

"The fact that the argument submitted to the voters indicated that the term 'municipal corporation' was used with technical accuracy requires that the rule relied upon by appellants be applied against them rather than in favor of their contention, because the very nature of the subject, the context of the amendment, and the manner and reason for its presentation all require that it be construed in its technical sense, and hence, it is within the exception of the rule of construction above stated. There are, however, other cogent reasons for concluding that an irrigation district is not included within the term 'municipal corporation' as used in the amendment. The nature of an irrigation district has been a matter of judicial investiga-

tion and interpretation, and it has been held that such a corporation is not a municipal corporation but a 'public corporation for municipal purposes'. (*Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112 [41 L. Ed. 369, 17 Sup. Ct. 56]; see, also, Rose's U. S. Notes.) As to swamp-land, drainage, levee, and reclamation districts, similar to irrigation districts, it has been held that they were not municipal corporations. (*People* v. *Levee Dist. No. 6,* 131 Cal. 30 [63 Pac. 676], *People* v. *Sacramento Drainage Dist.,* 155 Cal. 373 [103 Pac. 207], *Swamp Land Dist. No. 150* v. *Silver,* 98 Cal. 51 [32 Pac. 866], and *Reclamation Dist. No. 70* v. *Sherman,* 11 Cal. App. 399 [105 Pac. 277]. See, also, *People* v. *Selma Irr. Dist.,* 98 Cal. 206, 208 [32 Pac. 1047], and cases there cited.) The amendment in question must be considered to have been framed and submitted to the people with these decisions in mind, by which it was settled that such corporations were not 'municipal corporations'.''

We have already concluded that a county water district does not fall within the technical definition of a municipal corporation. As the Supreme Court held that the term ''municipal corporation'' was used in the 1914 amendment to section 1 of article XIII of the Constitution in that technical sense, and no other, it follows that the property of plaintiff lying outside of its boundaries cannot be taxed under the provisions of that section. As there is no other authority for the taxation of such property by defendant it follows that its assessment and taxation by defendant cannot be supported.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1939.