[Civ. No. 4201. Fourth Dist. June 29, 1950.]

VISTA IRRIGATION DISTRICT, Respondent, v. COUNTY OF SAN DIEGO, Appellant.

James Don Keller, District Attorney, Carroll H. Smith, Chief Trial Deputy, and Robert G. Berrey, Deputy District Attorney, for Appellant.

Wright, Thomas, Dorman & Fox and Leroy A. Wright II, for Respondent.

. GRIFFIN, J.—Action for refund of taxes paid under protest. Plaintiff Vista Irrigation District was organized under the California Irrigation District Law (Water Code, div. 2.) It alleges that it acquired certain real property in 1946, which was then located outside the boundaries of plaintiff district and was then subject to tax by defendant in the hands of the plaintiff's grantor; that on February 4, 1947, the board of directors of plaintiff district, pursuant to proceedings duly noticed and had in accordance with law, made its order of inclusion, whereby that property was included within the boundaries of plaintiff district. The order of inclusion was recorded on February 21, 1947. It then alleges that on March 3, the county assessor assessed said property then located within the district and the board of supervisors levied county and district taxes thereon for the fiscal year 1947-1948, and 1948-1949, and said taxes were computed upon the assessment roll as a tax and lien upon said property. It is claimed by plaintiff that said assessments were void as being in violation of law and in violation of article XIII, section 1 of the Constitution of California.

Plaintiff, having failed to pay said taxes when due, obtained a certificate of redemption for the property and on September 20, 1949, paid defendant county, under protest, $526.72, as and for said taxes and penalties which it now seeks to recover by this action.

Defendant admits that the board of directors made and recorded the order of inclusion as alleged, but denies that the property was located within the boundaries of the district because said proceedings were illegal and void. The trial court found that the assessment by the county was void and in all other respects found in favor of plaintiff.

In *Vista Irrigation District* v. *Board of Supervisors,* 32 Cal. 2d 477 [196 P.2d 926], plaintiff and petitioner sought mandate against defendant county to cancel the assessment for taxes here levied. The writ was denied for the reason that such writ was not available because petitioner had an adequate remedy at law. The general points here presented are there tersely stated.

An irrigation district is a municipal corporation within the meaning of section 1, article XIII of the Constitution, excepting from tax exemption certain lands and improvements owned by such a corporation and located outside of its corporate limits. (*Imperial Irrigation District* v. *County of Riverside,* 96 Cal.App.2d 402 [215 P.2d 518].)

On January 7, 1947, plaintiff caused to be filed with its board of directors a petition for the inclusion into the district of the land here involved, and the order above mentioned followed. These proceedings were had under the provisions of the Water Code as it existed prior to the amendment in 1947 of section 26901, and the amendment of section 20566.1. Prior to the amendment there was no special provision for the filing by a district of a petition for inclusion of lands which were owned by it. Defendant argues that the only statutory authority under which plaintiff could have proceeded were sections 20566, 26876, 26878 and 26907 of the Water Code and that none of these sections authorized the district to petition itself to include its own lands within its own boundaries. It is then contended that although, by the amendment mentioned (§ 20566.1) a district may, through "its board sign any petition provided for in this division," such amendment was not retroactive and, when considered in connection with section 26901, it did not breathe life into the previously void action of the district. It is then argued that as a settled principle of statutory construction, amendments to prior legislative acts demonstrate an intent to change the preexisting law, citing such cases as *Loew's Inc.* v. *Bryam,* 11 Cal.2d 746 [82 P.2d 1] ; and *People* v. *Weitzel,* 201 Cal. 116 [255 P. 792, 52 A.L.R. 811] ; that, under the facts here presented, or even under the amendment mentioned in section 20566.1, any interpretation given which sanctions an administrative tribunal exercising quasi judicial powers thus to sit in judgment on itself and actually judge its own cause is violative of fundamental constitutional principles, citing 14 Cal.Jur. 809, 810, and such cases as *Nider* v. *Homan,* 32 Cal.App.2d 11 [89 P.2d 136] ; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15 [35 P.

353, 40 Am.St.Rep. 17] ; *Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 P. 780] ; Cooley on Constitutional Limitations, 8th ed. vol. II, p. 870 ; and vol. I, p. 354.

Plaintiff points out that before the 1947 amendment, under section 26876 of the Water Code "a majority of the holders of title to any tract of land who are also the holders of title to one-half or more of the area of the tract may file in the district office a petition praying that the tract of land be included within the district." Under the provisions of this section the only requirement is that the petitioners be "holders of title." Section 20528 broadens this term to some extent. It is conceded that the district was the "holder of title" of the land. Therefore, under section 26876, it was authorized to file a petition for the inclusion of the lands described. This conclusion is fortified by a statement of the author of the opinion in *County of Mariposa* v. *Merced Irrigation Dist.,* 32 Cal.2d 467 [196 P.2d 920], where many of the points here involved are elaborately discussed. It was there definitely held that Water Code, section 26901, as amended in 1947, authorizing the inclusion of land in an irrigation district on a petition by the "owner" of the land regardless of whether it can be irrigated, authorized the district itself to petition to include its own land. Quoting the language of section 26901 referring to the right of an "owner" to petition, it was said that there was nothing in the section which excluded the district from being such an "owner."

We conclude that the purpose of the amendment in 1947 was to clarify the right which already existed which permitted irrigation districts to petition for the inclusion of a tract of land which they owned within the district.

Defendant's claim of unconstitutionality is predicated upon the theory that under the sections of the Water Code pertaining to a petition for inclusion, if a district is permitted to so petition, it would, in effect, be passing upon and judging the advisability of its own act and therefore its determination would be void ; that therefore plaintiff should not sit in review of the advisability of including the property in its district to the detriment of the county taxing authority. There is considerable authority to the effect, and persuasive argument that "no man ought to be a judge in his own case."

It is argued that a proceeding for the formation of an irrigation district for the inclusion of lands within its boundaries is quasi judicial in nature, citing *Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 P. 780].

The argument overlooks vital factors not included in the

general rule. This rule, as stated by counsel for respondent, is "founded upon a desire for purity in the exercise of judicial power and a pragmatic realization of human frailties where self interest is involved and has developed as an adjunct to the requirement of due process." The self interest is generally present where the rule is invoked. We have found no case in which the limitation has been invoked to disqualify for *public interest* as distinguished from one *personal or private*. A public interest has been held to be nondisqualifying. (Cooley on Constitutional Limitations, 8th ed., vol. II, p. 870.) This personal or private interest is nonexistent in the instant proceeding. Who could have such an adverse interest to the inclusion of district-owned lands within the district as would preclude this procedure? The district owned the land to be included. The law might well have provided, without constitutional objection, that the directors could have included such lands within its district without petition, hearing or notice. (*Fallbrook Irrigation Dist.* v. *Bradley,* 164 U.S. 112 [17 S.Ct. 56, 41 L.Ed. 369] ; *Miller & Lux, Inc.* v. *Board of Supervisors,* 189 Cal. 254 [208 P. 304].)

In *County of Mariposa* v. *Merced Irrigation Dist., supra,* a constitutional attack was made on the right of a district to include property within its boundaries and thus escape taxation without notice or hearing, and allowing the district to decide its own matter. It was there held that a county does not have a vested right to tax property of irrigation districts, and it is only an exception in section 1 of article XIII of the Constitution that makes taxable some of such property. The constitutional provision contemplates the power of an irrigation district to annex additional area and thus incidentally achieve tax exemption. It was likewise there claimed that permitting a district to file a petition, authorized by its directors, for inclusion within its boundaries of land owned by it was an executive function, and that its determination of the petition was judicial; and that hence it was granted powers to exercise both executive and judicial functions, in violation of the separation of powers doctrine. The court said:

"It should be noted, however, that the 1947 amendment of section 26901 of the Water Code may not have been necessary (that is, the provision authorizing the inclusion of land in a district upon consent of the owner, regardless of whether it was suitable for irrigation) except for the change in the Irrigation District Law in 1927. . . . Hence it may well be that in 1914 a district's land lying outside its boundaries could have been

included or annexed by inclusion proceedings. . . . We see no reason why a district could not have been authorized to include its own land within its boundaries merely by resolution of its directors. Presumably the directors will protect the interests of the owners of land in the district, and the district is the only land owner involved in the land to be included. We fail to see where the petitioner county has any grounds to object to this procedure. If it could be done in that way we see no invalidity in pursuing the petition method.''

To adopt the construction urged by defendant would frustrate an agency of a government in the exercise of its powers. We see no basis for the application of the rule mentioned by the defendant.

Plaintiff then argues that even though it may be determined that plaintiff was not such an owner as could petition for itself, nevertheless, under the validating acts of 1949 (Stats. 1949, p. 1508, chap. 781; and Stats. 1949, p. 1511, chap. 782) any such procedural defect was cured, and they accordingly supplied any lack of authority which might have existed at the time of the inclusion proceedings.

Section 6 of the first validating act reads:

''All acts and proceedings heretofore taken by any public body under any law, or under color of any law, for the annexation or inclusion of territory into any such public body are hereby confirmed, validated, and declared legally effective. This shall include all acts and proceedings of the governing board of such public body and of any person, public officer, board or agency heretofore done or taken upon the question of the annexation or inclusion of such territory.''

''Section 8. This act shall operate to supply such legislative authorization as may be necessary to validate any such acts and proceedings heretofore taken which the Legislature could have supplied or provided for in the law under which such acts or proceedings were taken. . . .''

In view of the conclusion first reached, it becomes unnecessary to determine this question. However, our conclusion would be that insofar as defendant county is concerned, any such claimed defect in the proceedings would come within the provisions of the validating act. (*City of Fairfield* v. *Hutcheon*, 33 Cal.2d 475 [202 P.2d 745].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.