[Civ. No. 60836. Second Dist., Div. Four. Nov. 4, 1981.]

CITY OF POMONA, Plaintiff and Respondent, v. CHRISTIAN FELLOWSHIP CENTER, Defendant and Appellant.

COUNSEL

Davis & Sawyer and Michael Cristin for Defendant and Appellant.

Patrick J. Sampson, City Attorney, and William E. Dennis, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

KINGSLEY, J.—Defendant appeals from a judgment in favor of the city, holding valid a gross income tax on the operation of a "bingo" parlor. We reverse.

Defendant Christian Fellowship Center is a religious corporation. Pursuant to article IV, section 19, of the state Constitution, and section 326.5 of the Penal Code it operated, in the City of Pomona, during the years herein involved, bingo games, the proceeds of which were used to support its religious activities. The city has enacted an ordinance, imposing a graduated tax on the gross income from that activity. The sole issue before us is whether the state law preempts the field of taxation of bingo games. We hold that it does.

Prior to 1976, bingo, as a gambling game, was prohibited by section 19 of article IV of the state Constitution. An amendment of that section, approved by the voters in June 1976, added a subdivision (subd. (c)), to provide that "The Legislature by statute may authorize cities and counties to provide for bingo games, *but only for charitable purposes.*" (Italics added.) Pursuant to that constitutional authorization, the Legislature adopted section 326.5 of the Penal Code.

That section is a long statute, containing detailed rules as to the use of funds derived from bingo games. Consistent with the constitutional mandate, it expressly provides that such proceeds "shall be used only for charitable purposes" except as expressly provided in that section. The exceptions, as of the time herein involved, were the payment of prizes, rent, overhead and administrative expenses in amounts severely limited. The statute also allowed a municipality to impose a $50 annual license fee.[1]

■ The city here freely admits that the tax imposed by the ordinance here before us is not a tax permitted by section 326.5. Its contention here is that, as a chartered "home rule" city, it has a constitutional right to impose a revenue-intended tax unimpaired by any state legislation. That contention we reject.

The cases on which the city relies involve enterprises basically lawful per se, which may be conducted without constitutional or statutory permission, except such regulations as are involved in insuring against fraud and incompetence. Here, however, we deal with an enterprise basically unlawful, operating only because an express provision in section

[1]Subsequent to the adoption of the ordinance here before us, section 326.5 was amended to allow a city to impose a fee of 1 percent on the monthly gross receipts in excess of $5,000. That provision has no effect on the case here before us which involves an ordinance prior to that amendment. To the extent that the city ordinance exceeds the limit allowed by the amendment, our reasoning here would still apply.

19 of article IV allows it to operate for the limited purpose of channeling the proceeds of gambling instincts into a public benefit—charitable use. Recognizing that some costs will necessarily be incurred in operating a bingo parlor, the Legislature has carefully selected such of those costs as it regards as legitimate diversions of the gambling proceeds; it has not elected to allow all of the normal costs of a business enterprise, for it expressly prohibits the payment of any salaries or wages and makes it a criminal offense (subds. (b) and (c) of § 326.5) "to receive or pay a profit, wage or salary" for any bingo game.

Since bingo sales exist and operate only by virtue of a special constitutional and statutory permission, it follows that, in allowing such games to operate within the city, it may give that permission only on the terms of the legislative permit. It cannot impose additional burdens and additional diversions of the proceeds of the gambling from the constitutional objective.

The judgment is reversed.

Files, P. J., and Woods, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 30, 1981.