TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No.  86-703 |
| of | : | MAY 19, 1987 |
| JOHN K. VAN DE KAMP
Attorney General | : |  |
| RONALD M. WEISKOPF
Deputy Attorney General | : |  |

_____

THE HONORABLE STEVEN L. KABOT, City Prosecutor, City of Visalia, has requested an opinion on the following subject:

Is a community college district, being exempt from the payment of state income or franchise taxes pursuant to the California Constitution, an organization which is authorized to conduct legal bingo games under the provisions of Penal Code section 326.5 and a local ordinance adopted pursuant thereto?

CONCLUSION

A community college district is not an entity which may be authorized by local ordinance to conduct bingo games pursuant to the provisions of Penal Code section 326.5.

1

ANALYSIS

A lottery is defined as "any scheme for the disposal or distribution of property by chance, among persons who have paid . . . any valuable consideration for the chance of obtaining such property or a portion of it. . . ." (Pen. Code, § 319.) Bingo is a game in which chance determines the possibility of winning, and consequently "when the elements of a prize and consideration are also present, a bingo game constitutes a lottery. [Citation.]" (60 Ops.Cal.Atty.Gen. 130, 131 (1977).)

Until recently lotteries had generally been prohibited in California both constitutionally and statutorily (Cal. Const., art. IV, § 19, subd. (a); Pen. Code, pt. 1, tit. 9, ch. 9, § 319, et seq.)[1], and bingo as a gambling game was prohibited as such. (*City of Pomona* v. *Christian Fellowship Center* (1981) 125 Cal.App.3d 250, 252.) In 1976, the voters approved a constitutional amendment to article IV, section 19 of the state constitution to permit the Legislature to "authorize cities and counties to provide for bingo games . . . for charitable purposes." (Cal. Const., art. IV, § 19, subd. (c)), and the Legislature has done so in Penal Code section 326.5. (See *Live and Learn* v. *City of Los Angeles* (1986) 188 Cal.App.3d 407, 415, fn. 4; *People* v. *8,000 Punchboard Card Devices* (1983) 142 Cal.App.3d 618, 620; *City of Pomona* v. *Christian Fellowship Center*, *supra*; 60 Ops.Cal.Atty.Gen. 130, 131 *supra*.) Basically the section allows certain organizations that are exempt from the payment of the bank and corporations tax under specified sections of the Revenue and Taxation Code to conduct bingo games for charitable purposes pursuant to local ordinance.[2] Community college districts do not fall

---

[1] A state lottery of course now exists (Cal. Const., art. IV, § 19, subd. (d); Gov. Code, tit. 2, div. 1, ch. 12.5, § 8880, et seq., the California State Lottery Act of 1984.)

[2] In 67 Ops.Cal.Atty.Gen. 528, 528-529 (1984) we summarized the relevant provisions of section 326.5 as follows: "Bingo must be authorized by a local ordinance which allows games to be conducted only by certain tax-exempt organizations, mobile home park associations and senior citizens organizations. The receipts are to be used only for charitable purposes. No person except security personnel employed by the organization conducting the games may receive a wage. No minors may participate in the games. The bingo games must be conducted on property owned or leased by the organization or on certain donated property. The games shall be open to the public and operated, staffed, promoted and supervised only by members of the organization, except for hired security personnel. No individual, corporation, partnership or other legal entity except the organization shall hold a financial interest in the conduct of the games. Profits and proceeds must be kept in special accounts and not commingled with other accounts. Except in the case of an organization exempt from tax under Revenue and Taxation Code section 23701d, the lesser of 20% or $1,000 per month of the proceeds may be used for rental of property and for overhead. Proceeds may be used for prizes, not exceeding

2

within any of the stated sections that are referred to in section 326.5, but they are exempt from taxation generally under the Constitution. (Cf., Cal. Const., art. XIII, § 26, subd. (c); (nonprofit educational institutions); *The Housing Authority* v. *Dockweiler* (1939) 14 Cal.2d 437, 453, 455; and see, Cal. Const., art. III, § 3, subds. (b) and (d); *San Marcos Water District* v. *San Marino Unified School District* (1986) 42 Cal.3d 154, 160-162.) Since Penal Code section 326.5 does not limit the other anti-lottery provisions of the Penal Code (60 Ops.Cal.Atty.Gen., *supra* at 132), we are asked whether a community college district is thus nevertheless embraced thereunder so as to permit it to conduct bingo games pursuant to local ordinance. We conclude it is not. Penal Code section 326.5, subdivision (a) provides:

> "(a) Neither this chapter nor Chapter 10 (commencing with Section 330) applies to any bingo game which is conducted in a city, county, or city and county pursuant to an ordinance enacted under Section 19 of Article IV of the State Constitution, provided that such ordinance allows games to be conducted only by organizations exempted from the payment of the bank and corporation tax by Sections 23701a, 23701b, 23701d, 23701e, 23701f, 23701g, and 23701*l* of the Revenue and Taxation Code and by mobile home park associations and senior citizens organizations; and provided that the receipts of such games are used only for charitable purposes."

Part 11 of Division 2 of the Revenue and Taxation Code, the Bank and Corporation Tax Law, imposes an income/franchise tax on corporations doing business in this state. (*Id.*, § 23151.) Sections 23701 through 23710 of that code exempt certain organizations therefrom. Among them are certain labor, agricultural or horticultural organizations (§ 23701a), certain fraternal beneficial societies, orders, or organizations (§ 23701b), certain religious, charitable, scientific, literary, *educational*, amateur sports or humanitarian *corporations* (§ 23701d), certain business leagues, chambers of commerce, real estate boards and boards of trade (§ 23701e), certain civic leagues, social welfare and employees' organizations (§ 23701f), certain nonprofit pleasure and recreation clubs (§ 23701g), and certain domestic fraternal societies, orders or associations (§ 23701*l*).

A community college district does not fall within any of the sections offering exemptions from income tax exemption that are specifically mentioned in Penal Code section 326.5. If it were to be pigeon-holed in one of them it would be section 23701d which provides an exemption for certain "[c]orporations . . . organized and operated exclusively for . . . educational purposes. . . ." But that section is not so accommodating. While community college districts (Ed. Code, tit. 3, div. 7), as school

---

$250 in value for each separate game, and for fees."

districts, have been described as "corporation[s] organized for educational purposes" (see *Barber* v. *Mulford* (1897) 117 Cal. 356, 358; 57 Ops.Cal.Atty.Gen. 155, 158 (1974); cf. *Turlock Irr. Dist.* v. *White* (1921) 186 Cal. 183, 187, 190), they are not corporations in the strict sense. (*Id*., at 187, 189, 190)  Rather, they are essentially agencies of the state for the local operation of the state school system (*Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 181; *Butler* v. *Compton Junior College Dist.* (1947) 77 Cal.App.2d 719, 728) and their sometimes being denominated as (public or municipal) corporations is nothing more than a way of recognizing that essential. (*Butler* v. *Compton Junior College Dist.*, *supra*; cf. *Turlock Irr. Dist.* v. *White*, *supra*, at 190.) That being so, not only would a community college district not be an educational corporation within the meaning of section 23701d, but it would not be one which would be subject to the Bank and Corporations Law at all. That law imposes a tax on

> — "every corporation doing business within the limits of the state and not expressly exempted from taxation by the provisions of the constitution . . . for the privilege of exercising its corporate franchises. . . ." (Rev. & Tax. Code, § 23157, subd. (a).)

Since "doing business" is defined as "actively engaging in any transaction for the purpose of financial or pecuniary gain or profit (§ 23101), which community college districts do not, they would not be subject to the Law's embrace and so they would not be "corporations" to be excepted from it.

But perhaps more important, going to their essential, is the fact that public entities or agencies such as community college districts, although sometimes classified as "public corporations," have long been held to be exempt from taxation or special assessment. (*San Marcos Water District* v. *San Marcos Unified School District*, *supra*, 42 Cal.3d at 160-161; cf., *The Housing Authority* v. *Dockweiler*, *supra*, 14 Cal.2d at 453-454; *Turlock Irr. Dist.* v. *White*, *supra*, 186 Cal. at 190; *Water District* v. *County of Orange* (1939) 30 Cal.App.2d 740, 742-743.)  As the court said in *Water District* v. *County of Orange*, ". . . [I]t has always been the policy of the law in California, since the adoption of the present Constitution, to exempt from taxation property of the state and state agencies generally classified as public corporations. . . ."  (30 Cal.App.2d at 742.)[3]

---

[3] We note that the constitution expressly exempts property owned by the state, property owned by local governments, and building land and equipment used exclusively for community colleges from property taxation (Cal. Const., art. XIII, § 3, subds. (a), (b) and (d)) respectively), and income of nonprofit educational institutions of collegiate grade that is used for educational purposes, from income tax. (Cal. Const., art XIII, § 26, subd. (c).)  A community college district maintains one or more community colleges. (Ed. Code, § 72011.)

4

The rationale for such exemption "is to prevent one tax-supported entity from siphoning tax money from another such entity . . . [with] no actual gain in tax revenues." (*San Marcos Water District* v. *San Marcos Unified School District, supra,* at 161.)

Community college districts thus are not covered by the Bank and Corporation Law, and it is therefore not unexpected that the sections of that law which offer exemption from its coverage do not include them. Nevertheless, it is suggested that inasmuch as community college districts are "exempted from the payment of the bank and corporations tax," albeit for reasons other than being included in the particular sections of the Bank and corporations law that are mentioned in Penal Code section 326.5, that they may thus still qualify to be authorized to conduct bingo games. We believe that not to be the case, their exemption from taxation notwithstanding.

By section 326.5 the Legislature has authorized cities and counties to provide for bingo games by local ordinance, pursuant to a specially enacted constitutional amendment that was necessary for it to do so. (Compare, art. IV, § 19, subd. (c) with *id.*, subd. (a).) In that authorization, however, the Legislature "provided that such ordinance allow games to be conducted *only* by organizations exempted from the payment of the bank and corporation tax by [certain] Sections of the Revenue and Taxation Code." (Pen. Code, § 326.5, subd. (a); emphasis added.) That proviso limits the basic authorization for cities and counties to provide for bingo games and deprives it of any force inconsistent with it. (Cf. *McAlpine* v. *Baumgartner* (1937) 10 Cal.2d 409, 417; *Livermore* v. *Waite* (1894) 102 Cal. 113, 120 (provisos).) The proviso restricting the authorization of section 326.5 is quite specific as to which organizations are meant to be eligible to conduct bingo games pursuant to local ordinance. It does not speak in general terms of organizations or entities which may be exempt from taxation for whatever reason, but rather specifically designates *only* those so exempt by reason of certain sections of the Revenue and Taxation Code's Bank and Corporations Law. Community college districts, as well as other entities which may enjoy other-derived exemption from the bank and corporations tax, are not included in *those* specific references. It is a general tenet of statutory construction that a specification of certain things as coming within the operation or exception of a statute will preclude the inclusion of other things not mentioned (*Collins* v. *City & Co. of S.F.* (1952) 112 Cal.App.2d 719, 731; *Rick* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607), as it is to be inferred that they were intentionally excluded by the specific enumeration. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196; *De Weese* v. *Unick* (1980) 102 Cal.App.3d 100, 106.) That tenet has particular force here because the Legislature has preceded the specific enumeration with the word "only", which is itself a word "'of restriction as to that which it qualifies and of exclusion as to other things.'" (*White Stores* v. *Atkins* (Tenn. 1957) 303 S.W.2d 720, 726; see also, *People* v. *Fair* (1972) 43 Cal. 137, 146-147.) Further, we are also taught that exceptions are usually strictly construed (*City of National City* v. *Fritz* (1949) 33 Cal.2d 635, 636;

5

*Pardee Construction Co.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 471, 478), and section 326.5 and its constitutional base (art. IV, § 19, subd. (c)) constitute but a narrow exception to the public policy of this state against gambling. (Cf., *In re Goddard* (1937) 24 Cal.App.2d 132, 140-141; 66 Ops.Cal.Atty.Gen. 94, 101 (1983).) "Since bingo [games] exist and operate only by virtue of a special constitutional and statutory permission, . . . in allowing such games to operate within the [a locality], [a local agency] may give that permission only on the terms of the legislative permit." (*City of Pomona* v. *Christian Fellowship Center*, *supra*, 125 Cal.App.3d 250, 253; accord, 60 Ops.Cal.Atty.Gen. 130, 132, *supra*.) Community college districts are not included in the terms of that permit and we therefore conclude that they are not organizations which may be authorized by local ordinance to conduct bingo games pursuant to it, their general exemption from bank and corporation taxation notwithstanding. Needless to say, without such authorization they may not legally conduct bingo games. (Pen. Code, § 319 et seq.; 60 Ops.Cal.Atty.Gen. 130, 132, *supra*.)

*****

6