[No. B024887. Second Dist., Div. Seven. Jan. 18, 1990.]

LUBAVITCH CONGREGATION, Plaintiff and Appellant, v.
CITY OF LONG BEACH, Defendant and Respondent.

**COUNSEL**

Gyler, Gilligan, Batsakis & Famularo and John J. Gilligan for Plaintiff and Appellant.

John R. Calhoun, City Attorney, and Thomas M. Reeves, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

LILLIE, P. J.— Plaintiff Lubavitch Congregation appeals from order denying a preliminary injunction to restrain defendant City of Long Beach from enforcing its ordinance which prohibits plaintiff from conducting a game of chance known as "break open bingo."[1]

### FACTS

The verified complaint for declaratory and injunctive relief alleged: Plaintiff is a charitable organization under California law and maintains its establishment in the City of Long Beach;[2] in 1980 defendant's city council

---

[1] An order denying a preliminary injunction is an appealable order. (Code Civ. Proc., § 904.1, subd. (f); *Kagan v. Kearney* (1978) 85 Cal.App.3d 1010, 1014 [149 Cal.Rptr. 867].)

[2] The plaintiffs named in the complaint, in addition to Lubavitch Congregation, were Saint Maria Goretti Church, Jews for Judaism and Saint Cornelius Parish. For purposes of this

enacted ordinance No. 5.18.010 (now No. 5.20.010 and referred to herein by that number) prohibiting charitable organizations from conducting a form of bingo known as break open bingo wherein the participant purchases a sealed bingo card which is a predetermined winner or loser;[3] such ordinance conflicts with Penal Code section 326.5 which permits charitable organizations to conduct bingo games and defines bingo to include break open bingo; and by enacting section 326.5 the Legislature preempted the bingo field and ordinance No. 5.20.010 prohibiting break open bingo therefore is invalid. The complaint sought a judicial declaration that the ordinance is void on its face and an injunction enjoining defendant from enforcing the ordinance and thereby preventing plaintiff from offering break open bingo to the public as a means of realizing income for the support of plaintiff charitable organization.

The trial court issued an order directing defendant to show cause why a preliminary injunction should not issue restraining defendant from enforcing ordinance No. 5.20.010. After a hearing the court denied the injunction on the ground plaintiff failed to show that it was likely to prevail on the merits at trial. This appeal followed.

DISCUSSION

I

The granting or denial of a preliminary injunction is within the discretion of the trial court and its order may be not reversed unless an abuse of discretion is shown. (*Cohen* v. *Board of Supervisors* (1985) 40 Cal.3d 277, 286 [219 Cal.Rptr. 467, 707 P.2d 840].) A trial court will be found to have abused its discretion only when it has exceeded the bounds of reason or contravened the uncontradicted evidence. (*IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121].) The general purpose of a preliminary injunction is the preservation of the status quo pending a final determination of the merits of the action. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr.

---

appeal we regard Lubavitch Congregation as the sole plaintiff inasmuch as it is the sole appellant.

[3] A declaration submitted by defendant in opposition to plaintiff's application for preliminary injunction explained break open bingo as follows: Break open bingo cards are sold to players in a sealed condition so that the players cannot see the arrangement of numbers on the cards at the time of purchase. When all the cards are sold the game is declared to be an "even" or an "odd" game and the players unseal the cards they have purchased. If the game is declared to be an odd game, for example, the players mark out all of the odd numbers on their cards. If any player has five numbers in a row (vertically, horizontally or diagonally) marked out, that player is an instant winner. The feature of instant winners or instant losers distinguishes break open bingo from regular bingo.

761, 439 P.2d 889].) Accordingly, in deciding whether such an injunction should issue the trial court must evaluate two interrelated factors: (1) The likelihood that the plaintiff will prevail on the merits at trial and (2) the interim harm that plaintiff is likely to sustain if the injunction is denied as compared to the harm that defendant is likely to suffer if the injunction is issued. (*Langford* v. *Superior Court* (1987) 43 Cal.3d 21, 28 [233 Cal.Rptr. 387, 729 P.2d 822].) ▐ "On review, a trial court's order with regard to a preliminary injunction may be affirmed if either the balance-of-hardships analysis or plaintiffs' likelihood of success considerations would alone support the ruling. [Citation.] However, if the trial court relies on but one of the foregoing, the reviewing court must determine whether that reliance conclusively supports the trial court's determination regardless of the remaining considerations." (*King* v. *Meese* (1987) 43 Cal.3d 1217, 1227-1228 [240 Cal.Rptr. 829, 743 P.2d 889].)

In denying a preliminary injunction the trial court relied exclusively on its determination that plaintiff was unlikely to prevail on the merits, ignoring the balancing-of-hardships factor.[4] For reasons which follow we conclude the trial court's reliance was proper and fully supports its denial of the preliminary injunction.

## II

In 1976 the electorate approved the addition of article IV, section 19, subdivision (c), to the California Constitution. The new subdivision provides that "the Legislature by statute may authorize cities and counties to provide for bingo games, but only for charitable purposes." Enabling legislation already had been enacted in 1975 to authorize bingo games if the constitutional amendment was approved. The legislation added section 326.5 to the Penal Code and defined "bingo" as "a game of chance in which prizes are awarded on the basis of designated numbers or symbols on a card

---

[4] Regarding the harm plaintiff would suffer if a preliminary injunction were not granted, a declaration submitted by plaintiff in upport of its application for injunction stated that plaintiff's inability to offer break open bingo, which is "quite popular," results in "significant loss" of revenues for plaintiff's organization; the amount of the claimed loss and its impact on plaintiff's operations were not specified. In his declaration in opposition to the application, a police officer of defendant who had primary responsibility for enforcing ordinance No. 5.20.010 stated: Enforcement of state and local bingo regulations is difficult because many of the rules of the game are left to the discretion of individual game operators; such broad discretion, coupled with the ease of manipulation of winners in break open bingo, puts it beyond the limited capacity and resources of defendant to regulate the game to assure that players are not cheated. This evidence, which was uncontradicted, supports the trial court's implied finding that defendant (i.e., residents of the City of Long Beach) would suffer greater harm if a preliminary injunction staying enforcement of the ordinance were issued than plaintiff would suffer from denial of the injunction.

which conform to numbers or symbols selected at random." (Former Pen. Code, § 326.5, subd. (n).) (See *People v. 8,000 Punchboard Card Devices* (1983) 142 Cal.App.3d 618, 620 [191 Cal.Rptr. 154]; *City of Pomona v. Christian Fellowship Center* (1981) 125 Cal.App.3d 250, 252 [177 Cal.Rptr. 897].) In 1979 the statutory definition of bingo was amended to add, "Notwithstanding Section 330c, as used in this section, *the game of bingo shall include cards having numbers or symbols which are concealed and preprinted in a manner providing for distribution of prizes.* The winning cards shall not be known prior to the game by any person participating in the playing or operation of the bingo game. All such preprinted cards shall bear the legend, 'for sale or use only in a bingo game authorized under California law and pursuant to local ordinance.'" (Former Pen. Code, § 326.5, subd. (n), now subd. (o), italics added.)

Pursuant to article IV, section 19, subdivision (c) of the Constitution and Penal Code section 326.5, defendant enacted a local law authorizing and regulating bingo. Included in that law is ordinance No. 5.20.010 which reads: "As used in this chapter, 'bingo' means a game of chance in which prizes are awarded on the basis of designated numbers or symbols on a card which conform to numbers or symbols selected at random. The use of cards having numbers or symbols which are concealed and pre-printed in a manner providing for distribution of prizes is prohibited."

Plaintiff contends the Penal Code section 326.5 definition of bingo to include break open bingo precludes defendant from prohibiting that form of bingo in ordinance No. 5.20.010.

Article XI, section 7 of the California Constitution provides: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Inasmuch as the regulation of gambling in any form is within the purview of local police power, defendant's ordinance No. 5.20.010 is valid if it does not conflict with Penal Code section 326.5. (*In re Hubbard* (1964) 62 Cal.2d 119, 124 [41 Cal.Rptr. 393, 396 P.2d 809], overruled on another point in *Bishop v. City of San Jose* (1969) 1 Cal.3d 56, 63, fn. 6 [81 Cal.Rptr. 465, 460 P.2d 137].)

"Conflicts exist if the ordinance duplicates [citations], contradicts [citation], or enters an area fully occupied by general law, either expressly or by legislative implication [citations]. If the subject matter or field of the legislation has been fully occupied by the state, there is no room for supplementary or complementary local legislation, even if the subject were other-

wise one properly characterized as a 'municipal affair.' [Citations.]" (*Lancaster v. Municipal Court* (1972) 6 Cal.3d 805, 807-808 [100 Cal.Rptr. 609, 494 P.2d 681].) Defendant's ordinance No. 5.20.010 does not depart from the definition of bingo in subdivision (o) of Penal Code section 326.5 but on the contrary follows that definition in prohibiting the form of bingo which the parties call break open bingo. Further, the ordinance does not conflict with section 326.5 under the other criteria set forth above. Section 326.5 fully occupies the field of bingo regulation in the sense that it contains provisions for operation of bingo games and disposition of the proceeds of those games. As article IV, section 19, subdivision (c) of the Constitution makes clear, however, the question whether to allow bingo is left to local government entities and bingo thus is a matter of local, not state, concern. Accordingly, in adopting ordinance No. 5.20.010 defendant did not enter a field occupied by the state but merely acted in response to Penal Code section 326.5, which in turn is the legislation authorizing cities and counties to provide for bingo contemplated by the constitution.

 It is true that if an ordinance is in substance a criminal statute which attempts to prohibit conduct permitted by state law either explicitly or implicitly, it is preempted. (*Cohen v. Board of Supervisors, supra*, 40 Cal.3d 277, 293.) However, that principle is inapplicable in the present case because Penal Code section 326.5 does not permit bingo as a matter of state law. Pursuant to the Constitution, Penal Code section 326.5 enables cities and counties to enact ordinances permitting local charitable organizations, mobilehome park associations and senior citizens organizations to conduct bingo games without incurring the criminal sanctions prescribed for conducting lotteries (Pen. Code, pt. 1, tit. 9, ch. 9) and other enumerated forms of gaming (*id.*, ch. 10). (Pen. Code, § 326.5, subd. (a).) While subdivision (o) of section 326.5 defines bingo to include "cards having numbers or symbols which are concealed and preprinted in an manner providing for distribution of prizes," nothing in section 326.5 indicates that a city or county, if it provides for bingo, must permit bingo in both of the forms defined by the statute.

Ordinance No. 5.20.010 permits one form of bingo defined by section 326.5. The ordinance's prohibition of the other statutorily defined form of the game is not contrary to the provisions of Penal Code section 326.5 and is consistent with the intent expressed in the constitution to leave to cities and counties the decision whether to provide for bingo in their respective jurisdictions.

## DISPOSITION

The order is affirmed.

Johnson, J., and Woods (Fred), J., concurred.