[S.F. No. 22861. In Bank. May 22, 1972.]

LeROY HERSH, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

242

**COUNSEL**

LeRoy Hersh, in pro. per., and Hersh, Hadfield, Jorgensen & Fried for Petitioner.

Wagner & Scuderi and Jerome M. Wagner as Amici Curiae on behalf of Petitioner.

F. LaMar Forshee, Herbert M. Rosenthal, Ronald W. Stovitz and Garrett H. Elmore for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding brought by petitioner LeRoy Hersh, a member of the State Bar, pursuant to rule 59(b), California Rules of Court,[1] to review decisions by the Board of Governors of respondent State

---

[1] Rule 59(b) provides: "A petition to the Supreme Court to review any other action of the Board of Governors of The State Bar, or of any board or committee appointed by it and authorized to make a determination pursuant to the provisions of the State Bar Act, shall be filed within 60 days after written notice of the action complained of is mailed, postage prepaid, to the petitioner, addressed to him at his last known address appearing on the records of The State Bar. . . ."

Bar fixing fees of its active members for the full calendar year 1972 in accordance with recent legislation effective March 4, 1972.[2] Petitioner contends that regular annual fees have been improperly levied because authorization for increased membership fees can be applied only to calendar years commencing with 1973, and because a new $10 Client Security Fund fee was prematurely assessed. We agree with both contentions although we determine for other reasons that the State Bar may retain sums collected for the Client Security Fund.

The State Bar is a public corporation governed, in the first instance, by the State Bar Act (Bus. & Prof. Code, § 6000 et seq.).[3] Section 6140 of that act contains the statutory authorization for the Board of Governors to collect fees from its members in order to carry on its functions. On November 17, 1971, the Board of Governors fixed the 1972 membership fees, increasing the charges over those of the previous year relying upon newly adopted legislation.[4] Such legislation would normally not be effective until March 4, 1972, the sixty-first day after the end of the legislative session (see Cal. Const., art. IV, § 8). At the time the board fixed the membership fees section 6140 provided for lesser fees than those adopted by the resolution.[5] The resolution purported to adopt a fee schedule which

[2]Unless otherwise noted, "members" refers only to active members of the State Bar.

[3]All references are to the Business and Professions Code unless otherwise indicated.

[4]The board adopted the following resolution: "RESOLVED that the fee for active members of the State Bar for the year 1972 hereby is fixed at the sum of $60.00, except that the fee for active members who have been admitted less than five years but more than two years preceding February 1, 1972 is fixed at the sum of $45.00 and the fee for active members who have been admitted less than two years preceding February 1, 1972 is fixed at the sum of $30.00; and it is

"FURTHER RESOLVED that the membership fee of all active members in each of the foregoing categories hereby is increased by an additional $10.00, said additional amount to be applied only for the purposes of a Client Security Fund."

[5]Section 6140 on November 17, 1971 and until March 4, 1972, provided:

"The board shall fix the annual membership fee for active members at a sum not exceeding fifty dollars ($50), except that for the years commencing January 1, 1959 and ending December 31, 1968 the board may increase the annual membership fee so fixed by an additional amount not exceeding five dollars ($5) in any or all of said years, said additional amount in any year to be applied only to the cost of land and buildings to be used to conduct the operations of the State Bar including furniture, furnishings, equipment, architects' fees, construction and financing costs, landscaping and other expenditures incident to the acquisition, construction, furnishing and equipping of such land and buildings, the payment of interest on and the repayment of moneys borrowed for such purposes, and the reimbursement of the State Bar's treasury for moneys heretofore or hereafter expended for such purposes. The annual membership fee for active members is payable on or before February 1st of each year.

"Notwithstanding the foregoing provisions of this section, the annual membership fee, including any additional amount, for active members who have been admitted to the practice of law in this State for less than five (5) years but more than two years preceding the February 1st of the year for which the fee is payable shall not exceed thirty-five dollars ($35), and for active members who have been admitted for less

is $5 to $10 in excess of that authorized by section 6140 as it provided prior to the effective date of the new enactment, depending on the number of years a member had been admitted to practice and also purported to impose an additional fee of $10 on all members, said sum to be applied for the purpose of creating a Client Security Fund.

The new legislation revised section 6140 and added section 6140.5. The legislation authorizes increased annual membership fees well in excess of those adopted by the board's resolution (§ 6140), and authorizes the board to establish the Client Security Fund "to relieve or mitigate pecuniary losses caused by the dishonest conduct" of active members of the State Bar. (§ 6140.5.) Section 6140.5, subdivision (b), provides: "Commencing January 1, 1972, the board may increase the annual membership fees fixed by it pursuant to section 6140 by an additional amount per active member not to exceed ten dollars ($10) in any year, the additional amount to be applied only for purposes of the fund."[6]

than two years preceding the February 1st of the year for which the fee is payable shall not exceed twenty-five dollars ($25). . . ."

[6]The full text of sections 6140 and 6140.5, as provided by chapter 1338, is as follows:

"6140. (a) The board shall fix the annual membership fee as follows:

"(1) For active members, who have been admitted to the practice of law in this state for five (5) years or longer, a sum not exceeding eighty dollars ($80).

"(2) For active members who have been admitted to the practice of law in this state for less than five (5) years but more than two (2) years preceding the first day of February of the year for which the fee is payable, at a sum not exceeding sixty dollars ($60).

"(3) For active members who have been admitted to the practice of law in this state for less than two (2) years preceding the first day of February of the year for which the fee is payable, at a sum not exceeding forty-five dollars ($45).

"(b) For the years commencing January 1, 1973, and ending December 31, 1982, the board may increase the annual membership fee fixed pursuant to subdivision (a) by an additional amount not exceeding ten dollars ($10) in any or all of such years, such additional amount in any year to be applied only to the cost of land and buildings to be used to conduct the operations of the State Bar, including furniture, furnishings, equipment, architects' fees, construction and financing costs, landscaping and other expenditures incident to the acquisition, construction, furnishing and equipping of such land and buildings, the payment of interest on and the repayment of moneys borrowed for such purposes, and the reimbursement of the State Bar's treasury expended for such purposes.

"(c) The annual membership fee for active members is payable on or before the first day of February of each year."

"6140.5 (a) The board may establish and administer a Client Security Fund to relieve or mitigate pecuniary losses caused by the dishonest conduct of those active members of the State Bar. Any payments from the fund shall be discretionary and shall be subject to such regulation and conditions as the board shall prescribe. The board may delegate the administration of the fund to the disciplinary board provided for in Section 6086.5, or to any board or committee created by the board of governors.

"(b) Commencing January 1, 1972, the board may increase the annual membership fees fixed by it pursuant to Section 6140 by an additional amount per active member not to exceed ten dollars ($10) in any year, the additional amount to be applied only for the purposes of the fund." .

It is apparent that the Board of Governors could not legally fix the annual membership fee in accordance with the revised statute until it became effective on March 4, 1972, empowering the board to so act. ■ "It has been uniformly held in this state that a statute has no force whatever until it goes into effect pursuant to the law relating to legislative enactment. It speaks from the date it takes effect and not before. Until that time it is not a law and has no force for any purpose. [Citations.] So where the Legislature passes an act to amend a statute then existing, the latter remains in full force during the time between the passage of the amendatory act and the time when it becomes effective. [Citation.]" (*People* v. *Righthouse* (1937) 10 Cal.2d 86 [72 P.2d 867].) ■ Thus at the time the Board of Governors fixed the 1972 membership fee schedule, it was authorized to do so only by the statutory direction of section 6140 as it then read. To the extent that fees exceed the amounts authorized on November 17, 1971, they were invalidly assessed.

Respondent argues that even if the board was not authorized in the normal course to fix fees at higher rates before March 4th, the legislation when effective expressly gave it such authority. For purposes of resolving this contention we must consider the $10 additional fee for the Client Security Fund apart from the increased basic annual membership fees. ■ As to the charge for the fund, the Legislature has clearly expressed its intent that it could be assessed for the 1972 calendar year. New section 6140.5, subdivision (b), specifically states: "*Commencing January 1, 1972, the board may increase the annual membership fees . . . not to exceed ten dollars ($10) . . . to be applied only for purposes of the fund.*" (Italics added.) Thus, clearly after the March 4th effective date, the board could properly fix and collect the $10 Client Security Fund fee for the calendar year 1972.

The parties agree that most, if not all, of respondent's active members have paid their 1972 fees as fixed by respondent's board.[7] Since we are advised that the board has adopted a resolution reassessing the 1972 Client Security Fund fee after the March 4th effective date of chapter 1338, it would be a useless act to require respondent to refund the $10 and then bill its members again. To avoid such needless loss of time and expense, respondent may retain the fees thus collected pursuant to section 6140.5.

As for the increased basic annual membership fees, however, there is no such indication of legislative intent as to which calendar year the amount

---

[7]Included, of course, are those persons admitted to the State Bar in 1972. Although membership fees were assessed prior to their admission and, we presume in some of the cases paid in 1971, such fees nevertheless constituted 1972 membership fees and are subject to the same treatment as other 1972 fees.

can first be collected.[8] There is no statement "Commencing January 1, 1972," as in the case of the Client Security Fund additional fee authorized by section 6140.5. Such an omission is the more noticeable, and hence deemed to be intentional, in view of the further legislative direction in section 6140 itself for the effective date upon which to commence further increased fees for a State Bar building program. (§ 6140, subd. (b).) If the Legislature had a clear intent that the increased basic membership fees be collected as of the 1972 calendar year, we must presume it would have utilized the same mechanism which it used in parallel circumstances to express that intent. ■ In the absence of such a declaration, and with no other facts it is presumed that the Legislature intended the increased basic yearly fees to be prospective. (*Krause* v. *Rarity* (1930) 210 Cal. 644, 655 [293 P. 62, 77 A.L.R. 1327]; *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 172-173 [18 Cal.Rptr. 369, 367 P.2d 865]; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 396 [182 P.2d 159]; *Wilke & Holzheiser, Inc.* v. *Alcoholic Bev. Control* (1966) 65 Cal.2d 349, 371 [55 Cal.Rptr. 23, 420 P.2d 735].) In the instant case the increased basic fees are first to be levied for 1973, the calendar year beginning after the effective date of the legislation.[9]

---

[8]Respondent asks us to take judicial notice of a letter sent by its president to individual legislators in support of the pending bill which later became chapter 1338. Since the letter refers to increased 1972 fees, since respondent drafted the legislation and there was little opposition to the bill, respondent argues that the Legislature intended the authorization to begin with the 1972 calendar year.

On the other hand respondent calls our attention to an opinion of the Legislative Counsel which, although it has not been given to us, apparently states the Legislature did not intend the authorization to commence with 1972. (Cf. Los Angeles Daily Journal, Jan. 6, 1972.) Neither the bar letter nor the conflicting opinion of the Legislative Counsel, however, are determinative of the matter before us.

Respondent also argues that the reference in section 6140.5 to the membership fee set under "Section 6140" means the new section 6140 and that since 6140.5 is applicable to calendar year 1972, so is new section 6140. The 1972 basic fees, however, had to be set under old section 6140 and the reference in section 6140.5 must be to that section.

[9]If chapter 1338 had been effective in January 1972, the presumption that increased fees be collected in the calendar year following the effective date would be rebutted by the legislative declaration that the fees are due and payable on February 1st (presumably the first February after the effective date).

It is argued that the Legislature had no indication that the 1971 legislative session would last as long as it did, and that the effective date of the legislation would be as late as March 1972. Therefore the legislative oversight of not specifying 1972 as the first calendar year for the increased fee should not prevent a finding that it so intended.

By the time the Governor signed the bill on November 3, 1971, however, the problems connected with a later effective date may have been apparent to the Legislature. Even the November 3d signing was significantly later than the adjournment dates of 1968, 1969 and 1970, all of which were in the month of September. We can only speculate on inferences which might thus be drawn, and do not deem them to be significant.

Further, it is and was provided in section 6140, in both its present and former versions, that the membership fees are due and payable on or before February 1st of the calendar year for which the fees are assessed. The Legislature has not granted to the board the power to increase section 6140 membership fees once they have been fixed during the course of the calendar year after February 1st.[10] The 1972 fees, as previously stated, should have been fixed in accordance with legislation in effect at the time of the assessment. Such fees were due and payable on February 1st, and in the absence of a clear legislative expression otherwise we will not presume that the board is authorized to increase the 1972 fees after March 4th.

It follows that the Board of Governors improperly assessed its members in accordance with the authorization granted by new section 6140. Respondent's members are entitled to a refund of that portion of their 1972 membership fees which were invalidly assessed under the authorization of former section 6140—$10 for those who have been admitted for more than two years and $5 for other active members. Any active member of the State Bar who has paid such excessive amounts may make claim for refund or credit against future assessments through procedures which may be initiated by the State Bar or otherwise.

In whatever manner it is achieved, the State Bar is directed to return or credit, at the option of each of these active members, the excessive portion of the fees collected under the authorization of former section 6140. Petitioner will recover his costs.

---

[10] In section 6140.5 the Legislature did authorize the Client Security Fund fee to be added to the 1972 annual membership fees. Thus, the contention that the February 1st due date means that the Client Security Fund fees also could not be collected until 1973 is erroneous.