[S.F. No. 24603. Feb. 25, 1985.]

SOUTHERN CALIFORNIA GAS COMPANY, Petitioner, v.
PUBLIC UTILITIES COMMISSION, Respondent.

[S.F. No. 24605. Feb. 25, 1985.]

PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Petitioner, v.
PUBLIC UTILITIES COMMISSION, Respondent.

[S.F. No. 24606. Feb. 25, 1985.]

PACIFIC GAS AND ELECTRIC COMPANY, Petitioner, v.
PUBLIC UTILITIES COMMISSION, Respondent.

**COUNSEL**

Thomas D. Clarke, Peter N. Osborn, David B. Follett, Robert V. R. Dalenberg, James S. Hamasaki, Margaret deB. Brown, Malcolm H. Furbush, Robert Ohlbach, Peter W. Hanschen, Steven F. Greenwald, Robert B. McLennan and A. Kirk McKenzie for Petitioners.

Ronald A. Zumbrun and John H. Findley as Amici Curiae on behalf of Petitioners.

Janice E. Kerr, Hector Anninos, Walter H. Kessenick and Anne K. Mester for Respondent.

John C. Lakeland, David B. Roe and Michel Peter Florio as Amici Curiae on behalf of Respondent.

## OPINION

**GRODIN, J.**—We granted review in these consolidated cases to consider challenges by three utilities to certain rules adopted by the Public Utilities Commission in April 1983. The rules at issue set forth procedures for the award of "public participation costs," including attorney and expert witness fees, to deserving intervenors in all the commission's regulatory and rate-making proceedings. (Dec. No. 83-14-017; Cal. Admin. Code, tit. 20, § 76.21 et seq.) The protesting utilities urged that the rules directly contravene the holding of *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891 [160 Cal.Rptr. 124, 603 P.2d 41] (*CLAM*). This court concluded in *CLAM* that the commission lacked both equitable and regulatory power under the existing statutory scheme to award such fees in quasi-legislative proceedings. Any such authority, *CLAM* ruled, must come expressly from the Legislature. (Pp. 906-907, 911-915, and fn. 10.)

On July 5, 1984, the Governor signed Senate Bill No. 4 (SB 4), which became effective on January 1, 1985. (Cal. Const., art. IV, § 8, subd. (c).) Section 2 of SB 4 adds sections 1801 through 1808 to the Public Utilities Code. These new sections set forth conditions under which the commission, in proceedings commenced *on or after January 1, 1985,* may award participation costs, including reasonable attorney and expert witness fees, to financially deserving consumer representatives who make "substantial contribution[s]" to the commission's order or decision in "a hearing or proceeding for the purpose of modifying a rate or establishing a fact or rule that may influence a rate . . . ." (New § 1803.)

Section 1 of SB 4 further declares that "[i]t is the intent of the Legislature" to "confirm" the commission's authority to make awards under its "existing rules and regulations" in "proceedings commenced on or prior to December 31, 1984."[1]

---

[1]There are a number of differences between the "existing rules and regulations" and new Public Utilities Code sections 1801-1808. The most important is that the current rules permit awards in virtually all regulatory (as opposed to adjudicatory) proceedings, while the new statutes authorize them only with respect to rate issues.

██ We asked the parties to submit letter briefs on whether the instant cases are moot by virtue of SB 4. After reviewing the briefs,[2] we conclude that, as of January 1, 1985, SB 4 has rendered moot the issues raised by the petitions for review.

It is well settled that a statute has no force whatever until its effective date. (*Hersh* v. *State Bar* (1972) 7 Cal.3d 241, 245 [101 Cal.Rptr. 833, 496 P.2d 1201]; *People* v. *Righthouse* (1937) 10 Cal.2d 86, 88 [72 P.2d 867]; *Harrison* v. *Colgan* (1905) 148 Cal. 69, 76 [82 P. 674].) Hence, until it went into effect on January 1, SB 4 provided no authority for the commission to use the challenged rules to make awards in pre-1985 proceedings.

On the other hand, the commission and TURN argue persuasively that once SB 4 became effective, it validated the "existing" or 1983 rules as the basis for public participation awards in proceedings commenced before 1985. ██ The Legislature may give laws retrospective application where it clearly evinces that intent and no vested or constitutional rights are infringed. (See *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 591-592 [128 Cal.Rptr. 427, 546 P.2d 1371].) No such infringement is suggested here.

██ Moreover, the Legislature may supply retroactively, through a curative or validating act, any authority it could have provided prospectively through an enabling act. (E.g., *Ventura Port Dist.* v. *Taxpayers, Property Owners, etc. Ventura Port Dist.* (1959) 53 Cal.2d 227, 233 [1 Cal.Rptr. 169, 347 P.2d 305]; *City of Fairfield* v. *Hutcheon* (1949) 33 Cal.2d 475, 479 [202 P.2d 745].) Thus, even if the Legislature cannot "confirm" that such authority always existed, despite contrary judicial precedent, it may furnish the missing authority nunc pro tunc. SB 4 appears to have that effect.

In any event, we are advised by the commission that no final awards of participation costs had been or would be made before January 1. Rather, awards under the existing rules have been held in abeyance pending our decision in this case.[3] Of course, to the extent awards have been so deferred, the new statute has no true "retroactive" effect at all. It simply applies prospectively to all awards hereafter made, or made final, in proceedings which commenced before January 1, 1985.

Several utilities, in their responses to TURN's amicus brief on the mootness issue (see fn. 2, *ante*), argue that the question of the commission's

---

[2]We also allowed the consumer lobby group Toward Utility Rate Normalization (TURN) to file an amicus brief on the issue.

[3]The commission advises that it has made two fee awards under the current rules, but the awards were stayed by commission order pending the outcome of this case. Other award applications before the commission have been denied or have not yet been decided.

authority under section *701* of the Public Utilities Code to award fees in *post-1985* cases *not covered* by SB 4 (i.e., nonrate-related matters; see fn. 1, *ante*) remains for decision.[4] We ruled in *CLAM,* of course, that section 701 implies no regulatory authority to award fees and participation costs. If any doubt remained on that score, the Legislature, by adopting explicit, limited fee rules for the period beginning January 1, 1985, has foreclosed the notion that an additional implied authority also exists.[5]

We therefore conclude that the issues raised by the petitions for review are moot. Accordingly, the proceedings are dismissed.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Lucas, J., concurred.

**BIRD, C. J.,** Concurring and Dissenting.—I agree the petitions filed with this court are moot. I do not concur with the dictum of this opinion.

---

[4]Section 701 authorizes the commission to "supervise and regulate every public utility in the State and [to] do all things, whether specifically designated in this part or in addition thereto, which are necessary and convenient in the exercise of such power and jurisdiction."

[5]TURN also suggests indirectly that independent authority for the commission's fee rules might derive from article XII, section 2 of the California Constitution, which permits the commission, "subject to statute and due process," to "establish its own procedures." Again, the statutory limitation is SB 4 itself.