**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS MERCER PELL, | No. 23-55188 |
| *Plaintiff-Appellant*, | D.C. No. 2:22-cv-03732-MWF-RAO |
| v. | |
| AMY NUÑEZ, Director of Admissions, State Bar of California, | OPINION |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 15, 2024[*]
Pasadena, California

Filed April 30, 2024

Before:  Richard C. Tallman, Sandra S. Ikuta, and John B. Owens, Circuit Judges.

Opinion by Judge Ikuta

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

# SUMMARY**

## Fourteenth Amendment/California State Bar

The panel affirmed in part and reversed in part the district court's dismissal of a law student's action against the California State Bar's Director of Admissions alleging violations of the Fourteenth Amendment and California's Unruh Act, and remanded.

The State Bar summarily denied plaintiff's petition for a hearing to excuse his delay in taking the First Year Law Students Exam (FYLSX), a prerequisite to bar admission for students attending an unaccredited law school, and to waive the resulting forfeiture of credit for law school courses he had completed. Rather than petitioning the California Supreme Court to review the State Bar's decision, plaintiff filed a complaint in federal court.

The panel agreed with the district court that the State Bar's action did not cause plaintiff to suffer a cognizable deprivation under federal law. Because the California Supreme Court has exclusive original jurisdiction over matters of admission, and because the FYLSX is part of the admissions process, challenges regarding the FYLSX or its authorizing statute must be brought by original petition to the California Supreme Court. The State Bar's denial of plaintiff's petition for a hearing and a waiver of his credit forfeiture was taken in the Bar's advisory role and did not result in a cognizable deprivation of a protected right or property interest.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that because the federal claims arose under the Fourteenth Amendment to the Constitution, the district court erred by dismissing the case for lack of subject matter jurisdiction. However, because plaintiff did not adequately allege a deprivation of rights, the panel concluded that his federal claims must be dismissed for failure to state a claim and affirmed the district court on that basis. Because the district court erroneously ruled that it lacked original jurisdiction, however, it dismissed plaintiff's state law Unruh Act claim without exercising its supplemental jurisdiction discretion pursuant to 28 U.S.C. § 1367(a). The panel reversed the dismissal of plaintiff's Unruh Act claim, and remanded to the district court so that it could exercise its discretion over whether to retain supplemental jurisdiction or dismiss the claim without prejudice so that it may be pursued in state court.

## COUNSEL

Susan Barilich, Susan Barilich PC, Glendale, California, for Plaintiff-Appellant.

Jean R. Krasilnikoff, Assistant General Counsel; Robert G. Retana, Deputy General Counsel; Office of the General Counsel, The State Bar of California, San Francisco, California; Kirsten R. Galler, Assistant General Counsel; Ellin Davtyan, General Counsel; Office of the General Counsel, The State Bar of California, Los Angeles, California; for Defendant-Appellee.

**OPINION**

IKUTA, Circuit Judge:

In this case, a law student petitioned the State Bar of California for a hearing to excuse his delay in taking the First Year Law Students Exam (FYLSX), a prerequisite to bar admission for students attending an unaccredited law school, and to waive the resulting forfeiture of credit for law school courses he had completed. When the State Bar denied the petition, the student brought this action against its Director of Admissions, alleging that the denial violated the student's Fourteenth Amendment rights. Because the California Supreme Court has exclusive original jurisdiction over matters of admission, the State Bar's actions did not result in a cognizable deprivation of rights. Therefore, the federal law claims must be dismissed for failure to state a claim.

I

Douglas Pell is an 81-year-old law student enrolled at the American Institute of Law, an unaccredited law school. He is an applicant to be licensed as an attorney in the State of California.

"To be certified to the [California] Supreme Court for admission and a license to practice law" in the state, students who attend an unaccredited law school must pass the FYLSX after their first year of law study. Cal. Bus. & Prof. Code § 6060(h)(1), (h)(2)(A).[1]     Students who pass the

---

[1] Cal. Bus & Prof. Code § 6060 provides:

> To be certified to the Supreme Court for admission and a license to practice law, a person who has not been admitted to practice law [elsewhere] shall . . . . (h)(1)

examination within its first three administrations after they become eligible to take the exam "receive credit for all law studies completed to the time the examination is passed." § 6060(h)(1). Students who do not pass the FYLSX within the first three administrations but subsequently pass the exam "shall receive credit for one year of legal study only." *Id.*

Pell did not attempt the FYLSX until his sixth opportunity to do so, in November 2020. According to Pell's complaint, exigent circumstances made it impossible for him to take the exam during one of the prior opportunities after he completed his first year of law school. Specifically, after his wife had a liver transplant, Pell's caregiver role and responsibilities, combined with his age, prevented him from taking those exams. Once his wife's condition stabilized, Pell immediately turned his attention to taking the FYLSX. Pell passed the exam in his first attempt. But because he did

---

Have passed a law students' examination administered by the examining committee after completion of their first year of law study. Those who pass the examination within its first three administrations [or within the first four administrations if an exception inapplicable here applies], upon becoming eligible to take the examination, shall receive credit for all law studies completed to the time the examination is passed. Those who do not pass the examination within the number of administrations allowed by this subdivision, upon becoming eligible to take the examination, but who subsequently pass the examination, shall receive credit for one year of legal study only.

Section 6060(h)(2)(A) exempts students of accredited law schools from this requirement if they had "completed at least two years of college work prior to matriculating in the accredited law school."

not pass the exam within the first three opportunities to do so, under the State Bar's interpretation of section 6060(h)(1), he forfeited 39 credit hours for courses he successfully completed after his first year of law school.

After Pell became aware of this problem, he contacted the State Bar. According to Pell's complaint, the State Bar's representatives did not provide any assistance. Pell then petitioned the Director of Admissions for the State Bar of California, Amy Nuñez. His written petition asked for a hearing to request an exception to the denial of credit hours for courses taken during his second year in law school, and included a declaration under penalty of perjury describing the exigent circumstances that prevented him from taking the FYLSX before the November 2020 exam. The State Bar summarily denied his petition without explanation. Pell did not petition the California Supreme Court to review the State Bar's decision.

Pell filed a complaint against Nuñez in federal court. His first amended complaint sought declaratory and injunctive relief, alleging that Nuñez, in her official capacity, violated Pell's Fourteenth Amendment rights to equal protection, substantive due process, and procedural due process.[2] It also sought damages from Nuñez individually for an alleged

---

[2] While not entirely clear, Pell's equal protection claim appears to be based on alleged age discrimination and discrimination against those who attend unaccredited law schools. As to substantive due process, Pell alleges that Nuñez "arbitrarily deprived Plaintiff of property in the form of law school credits by misinterpreting and misapplying Cal. Bus. & Professions Code § 6060(h)(1) and thereby delaying significantly his ability to complete law school and take the California Bar Exam." Pell's procedural due process claim is based on the "constitutionally inadequate" "procedures for notice and a hearing before the deprivation of Plaintiff's property interest in his earned law school credits."

violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52.

Nuñez moved to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim. The district court determined that because Pell failed to petition the California Supreme Court to review the State Bar's application of a rule relating to admissions, he did not suffer any cognizable deprivation under federal law. Relying on *Giannini v. Committee of Bar Examiners of the State Bar of California*, 847 F.2d 1434, 1435 (9th Cir. 1988) (per curiam), the district court concluded that it lacked subject matter jurisdiction and granted Nuñez's motion to dismiss on that ground. It did not reach Nuñez's argument that Pell failed to state a claim for which relief could be granted. Although the district court granted Pell leave to amend to bring a facial challenge to the constitutionality of section 6060(h)(1), Pell failed to file a second amended complaint and the district court entered judgment for Nuñez. Pell timely appealed.

## II

We agree with the district court that the State Bar's actions did not cause Pell to suffer a cognizable deprivation under federal law.

The California Supreme Court has "exclusive 'original jurisdiction over the . . . process'" of admission to the practice of law in California. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1034 (9th Cir. 2023) (en banc) (quoting *Smith v. Cal. State Bar*, 212 Cal. App. 3d 971, 978 (1989)). The California State Bar, on the other hand, "is the 'administrative arm' of the California Supreme Court 'for the purpose of assisting in matters of admission and discipline of attorneys.'" *Id.* at 1024 (quoting *In re Rose*, 22

Cal. 4th 430, 438 (2000)). "As part of its role . . . the State
Bar examines candidates' qualifications, administers the bar
exam, and certifies candidates to the California Supreme
Court" as having met the admission requirements. *Id.* (citing
Cal. R. Ct. 9.3; Cal. Bus. & Prof. Code §§ 6046, 6060(g)).
Although some State Bar functions are executed "pursuant
to powers directly granted by the [California] Legislature,"
*Saleeby v. State Bar*, 39 Cal. 3d 547, 559 (1985), "[n]either
the State Bar of California nor its Board of Governors nor its
Committee of Bar [E]xaminers has any power to grant or to
deny admission to the bar. That power is vested in the
California Supreme Court alone," *Chaney v. State Bar of
Cal.*, 386 F.2d 962, 966 (9th Cir. 1967). Because of this, the
State Bar's certification of a candidate for admission, or its
refusal to so certify the candidate, "is legally simply a
recommendation to the [California Supreme] Court." *Id.*

Because the State Bar's role "is advisory only," *id.*, when
the California Supreme Court reviews a State Bar action, it
does not "exercise [a] restricted appellate function" over a
decision having the force of law, but rather exercises its
"original jurisdictional power" in the first instance, *id.*
(citing *Konigsberg v. State Bar of Cal.*, 353 U.S. 252, 254
(1957)). Thus, "[t]he court has exclusive authority to admit
an applicant regardless of the [State Bar's] refusal to certify
him or her." *Margulis v. State Bar of Cal.*, 845 F.2d 215,
216 (9th Cir. 1988) (per curiam). On this basis, we have held
that the State Bar's "refusal to certify an applicant does not
deprive an applicant of any rights until the supreme court
'expressly or impliedly approves the [State Bar's] refusal . . .
so as to . . . have the effect of a denial of admission.'" *Id.*
(quoting *Chaney*, 386 F.2d at 966). "Petitioning the supreme
court for review, therefore, 'is not a matter of exhausting
state remedies in respect to an alleged federal right but of

there being no basis for any alleged federal right to exist as to the [State Bar's] actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation.'" *Id.* (quoting *Chaney*, 386 F.2d at 966).

The California Supreme Court's inherent authority over admission to practice extends to direct review of "[d]eterminations and recommendations of the [State Bar] in matters of . . . admission" generally. *Saleeby*, 39 Cal. 3d at 557; *cf. id.* at 558–59. For instance, the California Supreme Court has authority to consider a challenge to the administration of admission fees. *Smith*, 212 Cal. App. 3d at 978. In *Smith,* the plaintiff argued that his claim against the State Bar for refusing to transfer or refund his admission fee should have been heard in the trial court instead of being dismissed for failure to seek relief in the California Supreme Court. *Smith* rejected this argument, holding that because the "[a]dministration of admissions fees obviously is part of the admissions process" it was a matter of the California Supreme Court's inherent power. *Id.* The suit therefore fell within the California Supreme Court's "original jurisdiction over the admissions process" and could be brought only "by original petition to the [California] Supreme Court." *Id.* Because the California Supreme Court's authority over the admissions process is plenary, *Smith* held that it did not matter whether administration of admission fees was "preliminary to rather than part of the admissions process." *Id.* Similarly, the fact that admission fees were also authorized by statute did not eliminate "the Supreme Court's control of the fees as part of its inherent power over admissions." *Id.* (citing *Hersh v. State Bar*, 7 Cal. 3d 241 (1972) (direct review of annual bar membership fees)).

Like admission fees, the FYLSX is a matter of admission.   For students who attend unaccredited law schools, passing the FYLSX is one of the requirements "[t]o be certified to the [California] Supreme Court for admission and a license to practice law."   Cal. Bus. & Prof. Code. § 6060.  The same statute mandating passage of the FYLSX also sets out the admission requirements of good moral character, legal education, and passage of the bar exam.  *Id.* As in *Smith,* it does not matter whether the FYLSX procedures are "preliminary to rather than part of the admissions process," or that the procedures are authorized by statute.  212 Cal. App. 3d at 978.  As Pell acknowledged in his complaint, the application of section 6060(h)(1) is part of the admissions process because it affects his ability to take the California Bar Exam and secure a California law license.

Because the FYLSX is part of the admissions process, it falls within the California Supreme Court's "inherent power and original jurisdiction."   *Id.*  Therefore, challenges regarding the FYLSX or its authorizing statute must be brought by original petition to the California Supreme Court. If a decision by the State Bar to deny a student full credit for his studies resulted in "a refusal of certification by the Committee [of Bar Examiners]," it would "legally [be] simply a recommendation" to the California Supreme Court. *Chaney*, 386 F.2d at 966.  The State Bar's action would "not deprive an applicant of any rights until the supreme court 'expressly or impliedly approves the [State Bar's] refusal'" so as to deny the applicant of admission. *Margulis*, 845 F.2d at 216 (quoting *id.*).   Therefore, the State Bar's denial of Pell's petition for a hearing and waiver of his forfeiture of 39 credit hours did not deprive Pell of any rights or property interest.

### III

Because Pell's claim does not adequately allege a deprivation of rights, it is not one for which relief can be granted. This conclusion is mandated by our decision in *Margulis*.

In *Margulis*, the plaintiff sued the State Bar and Committee of Bar Examiners, "rais[ing] a plethora of constitutional challenges to California Bar Examination procedures" after he failed the California Bar Examination and the Committee "refus[ed] to certify him as qualified to practice law." *Margulis*, 845 F.2d at 215–16. The plaintiff did not petition the California Supreme Court for review. *Id.* at 216. Given that "the California Supreme Court alone has the power to admit someone to the California Bar," we stated that the "Committee's decision not to certify" the plaintiff was "simply of no legal significance." *Id.* We held that "because [the plaintiff's] failure to petition for review deprived the California Supreme Court of an opportunity to rule on his application, his complaint allege[d] no cognizable deprivation of federal rights." *Id.* at 217. In other words, the plaintiff "fail[ed] to state a claim." *Id.* at 216 n.2.

That conclusion was correct. A failure to state a claim may result from the lack of a "cognizable legal theory" or from "an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Because the claims in *Margulis* challenged actions by the Committee of Bar Examiners that were "simply of no legal significance," *Margulis*, 845 F.2d at 216, those claims did not invoke a cognizable legal theory, and the plaintiffs did not have a cause of action.

As in *Margulis*, Pell's first amended complaint asserts several federal law claims against Nuñez in her official capacity as the Director of Admissions of the California State Bar. Because Pell has not alleged that he petitioned the California Supreme Court to review the State Bar's actions, however, nor identified any other manner in which the court approved of the State Bar's decision, Pell has not adequately alleged a deprivation of a protected right. *See Margulis*, 845 F.2d at 217. By the same token, Pell does not state a claim for declaratory or injunctive relief, as his allegations regarding the State Bar's interpretation and application of the statutory requirements for admission do not involve "a power of deprivation." *See Chaney*, 386 F.2d at 966. Therefore, we affirm the dismissal of his federal law claims.

*Gianinni*, on which the district court relied, is not to the contrary. As in *Margulis*, the plaintiff in *Giannini* sued the Committee of Bar Examiners for the State of California after it denied his petition for admission to practice law. *Giannini*, 847 F.2d at 1434–35. Like the plaintiff in *Margulis*, the plaintiff in *Giannini* claimed that the Committee's denial violated his constitutional rights. *Id.* at 1435. We resolved the case just as we had *Margulis*, holding that because the plaintiff had not petitioned the California Supreme Court to review the Committee's decision, "no deprivation ha[d] taken place," and he therefore had "no basis for any claim of deprivation under federal law." *Id.* We concluded that "[t]his prerequisite to federal deprivation operate[d] as a bar upon [the plaintiff's] suit in federal court." *Id.*

Although the district court read this language as resting on jurisdictional grounds, that reading is not compelled by *Giannini* itself. *Giannini* did not explain the ground on which it affirmed dismissal, much less offer "a 'close analysis'" of "the critical differences between jurisdictional

and non jurisdictional limitations on causes of action." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1177 (9th Cir. 2013) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). *Giannini*'s lack of reasoning places it in the category of "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect'" on the issue of subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (citation omitted). Given that *Margulis* preceded *Giannini* and therefore constituted binding precedent, *Giannini* is better read as reaching the same conclusion as *Margulis* had: that the plaintiff failed to state a claim. *See Margulis*, 845 F.2d at 216 n.2.

By contrast, a holding that we lack subject matter jurisdiction would be contrary to long-standing precedent. Within the scope granted by the Constitution, "only Congress may determine a lower federal court's subject-matter jurisdiction," *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 948 (9th Cir. 2014) (brackets omitted) (quoting *Bowles v. Russell*, 551 U.S. 205, 211 (2007)), and "[f]ederal courts have a[n] . . . obligation to exercise the jurisdiction given them," *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021) (cleaned up). The Constitution grants federal courts authority to hear cases involving a federal question, that is, those "arising under th[e] Constitution [or] the Laws of the United States," U.S. Const. art. III, § 2, and Congress has lodged "original jurisdiction of all civil actions arising under the Constitution [or] laws . . . of the United States" in the federal district courts. 28 U.S.C. § 1331.

For purposes of § 1331, a district court has jurisdiction over an action "arising under" federal law "when a federal question appears on the face of the complaint." *City of*

*Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citation omitted).   Pell's first amended complaint raised several questions of federal law, as it alleged that "the Defendant's interpretation and application" of Cal. Bus. & Prof. Code § 6060(h)(1) violated his Fourteenth Amendment rights to equal protection, substantive due process, and procedural due process.   "[B]ecause this case arises under the Fourteenth Amendment to the Constitution," the "district court had subject matter jurisdiction under 28 U.S.C. § 1331." *Tuscon Woman's Clinic v. Eden*, 379 F.3d 531, 538 (9th Cir. 2004).   The district court also had supplemental jurisdiction over Pell's state law claim.  28 U.S.C. § 1367(a).

We therefore conclude that the district court erred in holding it lacked subject matter jurisdiction.[3]  But that "the district court incorrectly indicated that it lacked jurisdiction . . . does not compel a reversal." *Janicki Logging Co. v.*

---

[3] The district court also held that it lacked subject matter jurisdiction because the *Rooker-Feldman* doctrine would bar consideration of Pell's claims even if he had unsuccessfully petitioned the California Supreme Court before filing the present suit.   The *Rooker-Feldman* doctrine "prohibits [lower] federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments." *Reed v. Goertz*, 598 U.S. 230, 235 (2023).   *Rooker-Feldman* has no application here.   First, Pell does not allege that he petitioned the California Supreme Court to review Nuñez's adverse determination regarding his law school credits, so there is no sense in which he is a "losing part[y] challenging [a] state-court judgment[]."   *Id.*   Second, to the extent that Pell's complaint challenges the "interpretation and application of a statute" (that is, California Business & Professions Code § 6060(h)(1)) such challenges do not implicate the *Rooker-Feldman* doctrine.   *See id.* (rejecting invocation of *Rooker-Feldman* where plaintiff's claims "d[id] not challenge . . . adverse state-court decisions themselves, but rather target[ed] as unconstitutional the [State] statute they authoritatively construed" (cleaned up)).   Therefore, *Rooker-Feldman* did not eliminate the district court's subject matter jurisdiction.

*Mateer*, 42 F.3d 561, 563 (9th Cir. 1994). "If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998) (citation omitted). Because we conclude that Pell's federal law claims must be dismissed for failure to state a claim, we affirm the district court's dismissal of those claims.

## IV

In addition to his claims under federal law, Pell sued Nuñez in her individual capacity for violations of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52. Because the district court had original jurisdiction over Pell's federal law claims, it had supplemental jurisdiction to decide this related state law claim. 28 U.S.C. § 1367(a). When a district court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over remaining state law claims. § 1367(c)(3).

Here, because the district court ruled that it lacked original jurisdiction, it dismissed all of Pell's claims without having exercised the discretion afforded by § 1367(c)(3). We may not affirm the district court's dismissal of Pell's Unruh Act claim because "[t]he decision to exercise supplemental jurisdiction is within the discretion of the district court and that court must be given an opportunity to make that decision." *Fang v. United States*, 140 F.3d 1238, 1244 (9th Cir. 1998) (remanding case to district court to "determine whether it should retain jurisdiction over the state law claims"). We therefore reverse the dismissal of Pell's Unruh Act claim and "remand to the district court so that it can exercise its discretion over whether to retain

jurisdiction . . . or whether to dismiss [the state law claim] without prejudice so that [it] may be pursued in state court." *Koepping v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 120 F.3d 998, 1006 (9th Cir. 1997).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[4]

---

[4] The costs on appeal are taxed against Pell.  *See* Fed. R. App. P. 39(a)(4). Nuñez's unopposed motion for judicial notice is granted.