**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHRISTIAN DOSCHER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KROGER CO., AKA FM, DBA Fred Meyer, an Ohio Corporation; DARON MAYGRA, a private citizen of Washington State; CATHERINE HEDGES, a private citizen of Washington State; ORAN THOMPSON, a Tumwater Police officer, a citizen of Washington State, in his individual capacity; JAY MASON, a Tumwater Police Commander, a citizen of Washington State, in his individual capacity, <br><br> Defendants-Appellees. | No. 23-35229 <br><br> D.C. No. 3:21-cv-05255-TL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 10, 2024[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Christian Doscher appeals pro se from the district court's dismissal of his action for disability discrimination and civil rights violations arising from his maskless visit to a Fred Meyer store during the Covid-19 pandemic. The district court had jurisdiction because "'a federal question appear[ed] on the face of the complaint.'" *Pell v. Nunez*, 99 F.4th 1128, 1134 (9th Cir. 2024); *see also* 28 U.S.C. § 1331. Reviewing de novo,[1] we affirm in part and reverse and remand in part.

We affirm the district court's dismissal of Doscher's federal causes of action for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009); *see also Pell*, 99 F.4th at 1135. Doscher failed to plausibly allege an ADA[2] claim because his complaint did not plead facts indicating that his requested modification to the mask policy was "necessary to accommodate . . . [his] disability." *Karczewski v. DCH Mission Valley LLC*, 862

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *See Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

[2] Americans with Disabilities Act of 1990, Pub. L. No. 101–336, 104 Stat. 327 (codified in scattered sections of 42 U.S.C.).

F.3d 1006, 1010 (9th Cir. 2017); *see also* 42 U.S.C. § 12182(b)(2)(A)(ii); *cf.*

*Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1134–36 (9th Cir. 2012).

Doscher also failed to plausibly allege a 42 U.S.C. § 1983 claim premised on

Officer Oran Thompson's brief investigative stop. *See Navarette v. California*,

572 U.S. 393, 396–97, 134 S. Ct. 1683, 1687, 188 L. Ed. 2d 680 (2014).

Construing the facts in the complaint in the light most favorable to Doscher,[3]

Thompson plainly had reasonable suspicion to stop Doscher for trespassing in light

of the information conveyed by the 911 call, the information Thompson received

from Catherine Hedges and Daron Maygra at the scene, and Thompson's own

interaction with Doscher. *See United States v. Williams*, 846 F.3d 303, 310 (9th

Cir. 2016); *see also* Wash. Rev. Code § 9A.52.070(1); *State v. Finley*, 982 P.2d

681, 686–87 (Wash. Ct. App. 1999). That reasonable suspicion was not

undermined, even assuming that some defendants lied to Thompson[4] or that other

facts in the complaint might ultimately support a defense to a criminal trespassing

charge.[5]

---

[3] *See Ove*, 264 F.3d at 821.

[4] *See United States v. Miguel*, 368 F.3d 1150, 1153–54 (9th Cir. 2004), *overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167, 1173–74 (9th Cir. 2017) (en banc).

[5] *Navarette*, 572 U.S. at 403, 134 S. Ct. at 1691.

Because Doscher failed to plead an underlying constitutional or federal law violation, his other federal claims were also properly dismissed. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) (42 U.S.C. § 1985); *Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001) (municipal liability); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (42 U.S.C. § 1986).

However, we reverse the district court's dismissal of Doscher's Washington state law claims. While a district court "'may decline to exercise supplemental jurisdiction' over remaining state law claims,"[6] the district court did not indicate that it was exercising that discretion here. We thus reverse the dismissal of Doscher's Washington claims and remand to give the court an opportunity to do so. *See Pell*, 99 F.4th at 1135.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

[6] *Pell*, 99 F.4th at 1135; *see also* 28 U.S.C. § 1367(c)(3); *Koepping v. Tri-Cnty. Metro. Transp. Dist.*, 120 F.3d 998, 1006 (9th Cir. 1997).