**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MELANIE J. LAWRENCE, in her official capacity as Chief Trial Counsel; GEORGE S. CARDONA; STATE BAR OF CALIFORNIA - OFFICE OF CHIEF TRIAL COUNSEL, named as Office of Chief Trial Counsel, individuals whose capacity in unknown,<br><br>        Defendants - Appellees. | No. 24-7429<br><br>D.C. No.<br>4:21-cv-01235-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted April 30, 2026[**]

Before: McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Peyman Roshan appeals the district court's order dismissing his claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against Melanie Lawrence, George Cardona, and the Office of Chief Trial Counsel ("OCTC") of the California State Bar. We review de novo a district court's dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Searle v. Allen*, 148 F.4th 1121, 1128 (9th Cir. 2025). We also review de novo a dismissal for lack of Article III standing. *Satanic Temple v. Labrador*, 149 F.4th 1047, 1050 (9th Cir. 2025). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The majority of Roshan's claims are barred by the *Rooker-Feldman* doctrine. This doctrine "prohibits federal district courts from considering 'de facto appeals'—suits in which 'the adjudication of the federal claims would undercut the state ruling.'" *Searle*, 148 F.4th at 1128 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). We have held that an attorney's as-applied claims challenging the State Bar's attorney discipline system constituted "a de facto appeal of the Supreme Court of California's denial of [a] petition for review" barred by the *Rooker-Feldman* doctrine. *Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016).[1] The district court therefore correctly barred Roshan's claims that challenged "the application of the state bar rules at issue . . . during specific

---

[1] The Supreme Court's brief reference to the *Rooker-Feldman* doctrine in *Reed v. Goertz*, 598 U.S. 230 (2023), did not overrule *Scheer*, *see id.* at 234–35. Nor did *Pell v. Nuñez*, 99 F.4th 1128 (9th Cir. 2024), which did not involve a state court judgment, *id.* at 1131, 1135 n.3.

attorney disciplinary proceedings" or sought "to overturn Roshan's own prior disciplinary order."

2. Roshan's general challenges for prospective relief fail for lack of Article III standing. The suspension and revocation of Roshan's professional licenses, while having a continuing adverse effect on Roshan, are not redressable by judicial relief due to the *Rooker-Feldman* doctrine and therefore cannot be cited to establish standing. *See Stavrianoudakis v. U.S. Fish & Wildlife Serv.*, 108 F.4th 1128, 1136 (9th Cir. 2024) (injuries cited to establish standing need to "likely be redressed by judicial relief"). Nor did Roshan's conjecture that the OCTC may bring further disciplinary actions against him establish a sufficient likelihood of future injury required to support Article III standing. *See id.* at 1142. The district court therefore correctly dismissed Roshan's general challenges for prospective relief.

**AFFIRMED.**[2]

---

[2] Roshan's motion to expedite (Dkt. No. 36) is **DENIED** as moot.